UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISIDRO MACARIO
GOMEZ-SANDOVAL,

       *Petitioner*,

v.                                   Case No. 3:26-cv-826-JEP-MCR

FACILITY ADMINISTRATOR,
et al.,

       *Respondents*.

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) or alternatively, to release him. (*See* Doc. 1 at 9). Petitioner was detained by ICE on October 26, 2025, following his arrest by local law enforcement. (*See id.* at 6-7; Doc. 10 at 1). At the heart of this case is Petitioner's contention that he is not subject mandatory detention and instead, is entitled to a bond hearing. (*See* Doc. 1 at 3, 7; Doc. 10).[1]

---

[1] In light of the Court's obligation to liberally construe pro se filings, *see United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024), and upon consideration

This Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the INA, concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276.[2] The

---

of the Federal Respondents' representations (Doc. 8), the Court construes Petitioner's allegations as challenging his mandatory detention without a bond hearing as violative of the Immigration and Nationality Act ("INA") as well as the Fifth Amendment's Due Process Clause. (*See* Doc. 1 at 7; *see also* Doc. 10 at 1 ("Petitioner challenges the *legality and constitutionality* of his prolonged detention without a bond hearing." (emphasis added)). Indeed, in ground one, Petitioner argues that he is being detained without a bond hearing or individualized custody determination, and in ground two, he separately argues that his detention without a bond hearing violates due process. (Doc. 1 at 7). The Federal Respondents expressly recognize that *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), "controls the outcome of this matter," and that because "the Court may resolve the petition on the statutory question, it need not proceed to evaluate any other claims raised in the Petition." (Doc. 8 at 2).

[2] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the

Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 8).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without a bond hearing violates the INA.[3] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

2. The Warden's motion to dismiss (Doc. 7) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*,

---

Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[3] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on June 11, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Isidro Macario Gomez-Sandoval
Counsel of Record

4